UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE MORA

                     Plaintiff,

-against-

The City of New York, The
NYPD, P.O. Irwin Luperon,
and others

                     Defendants,
-----------------------------------------------------------X

**TRIAL BY JURY DEMANDED**

Civil No.

**SUMMONS AND COMPLAINT**

Plaintiff, JOSE MORA, by and through his attorney, Andres M. Aranda Esq., respectfully shows to this court and alleges as following:

## INTRODUCTION

1. This is an action, commenced by plaintiff for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York.

Plaintiff alleges that defendants, individually and through said Officers deprived him of his right to be refunded money illegally seized by the DEA. Said money was seized and taken without reason, or provocation.

This action has been commenced within three years after plaintiff's claim arose by reason of the refusal on behalf of the Newark DEA to return the money despite numerous requests to do so.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sec. 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.
3. Jurisdiction is founded upon 28 U.S.C. Sec. 1331, 1343 (1-4), and 2202.
4. Venue is proper in this district pursuant to 28 U.S.C. Sect. 139 (b).

## JURY DEMAND

5. Plaintiff demands trial by jury in this action.

## PARTIES

6. Plaintiff JOSE MORA is a US Citizen and a life- long resident OF THE BRONX.

7. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the John and Jane Doe police officers named as a defendant in this action and whose identities are still unknown.

8. Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9. At all times relevant herein, defendant Police Officers, were acting as agents, servants and employees of the defendant CITY of New YORK and in furtherance of and within the scope of THEIR employment, and THE BUSINESS OF THE City, and acting under color of law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY of NEW YORK and by virtue of its rules, regulations and statutes. The Defendant City is responsible as respondeat superior for the actions, and inactions, of its agents, and employees, acting under color of law and in the carrying out of their employment and the business of said City Defendant.

## FACTUAL ALLEGATIONS

10. On or about October 23, 2010 Mr. Mora was at the Whitestone Cinema in the State of New York County of the Bronx, with his parents and siblings. As he and his family were leaving the Cinema, he was approached by a group of police officers. They proceeded to grab, assault and hand cuff him. Once he had been rear cuffed, the officers, all in uniform and on duty, proceeded to conduct a "show-up" identification procedure. Mr. Mora was presented to a person that had been assaulted and had called the police to the cinema. This person clearly stated to the police that Mr. Mora WAS NOT one of the individuals that had assaulted him. Nevertheless, and not withstanding this clear demonstration that Mr. Mora had not been involved in any criminality, and over the protestation of both his parents and siblings, Mr. Mora was placed in a police vehicle and taken to the 45th Precinct for arrest processing. He was photographed , fingerprinted and charged with various crimes. Thereafter he was taken to Central Booking where he remained incarcerated for almost two days. The District Attorney of Bronx County reviewed the matter and declined to prosecute it because the facts did not support the commission of an offense. It should have been clear to Police Officer Irwin Luperon, the arresting officer, that Mr. Mora had not been involved in any criminality, but because of his

lack of training and supervision, he charged an innocent teen-ager with a crime and kept him incarcerated for approximately 48 hours exposing him to the dangers of the Bronx Central Booking, a foul smelling placed crowded with all sorts of criminals, including very violent predators. All of this having been done without probable cause and with complete disregard for the liberty and civil rights of Mr. Mora. All of these alleged violations occurred within the Jurisdictional boundaries of the Southern District of New York. Mr. Mora was accompanied by his parent and siblings when the police barged into the cinema, he was approached, BY ARMED UNIFORMED AND OUT OF UNIFORM, POLICE OFFICERS. He was grabbed, roughed up and beaten about the head and body, all in front of his family, by members of the New York City Police Department, ALL WITHOUT PROBABLE CAUSE OR JUSTIFICATION. Mr. Mora was hit on the head, he was punched, kicked and physically, as well as verbally, abused, with unnecessary and excessive force being used to falsely arrest him.

11.     The police approached Mr. MORA as he was peacefully and lawfully with his family close by when he was approached by police officers who proceeded to VIOLENTLY AND WITHOUT GOOD CAUSE OR PROBABLE CAUSE arrest Mr. MORA, who protested his innocence and who repeatedly asked why he was being arrested, assaulted and abused by the very people sworn to protect him from harm . All of this after the victim of the crime the police were there to investigate had exonerated Mr. Mora and said that Mr. Mora was innocent.

12.     Mr. MORA WAS QUESTIONED by said uniformed Police Officers about the alleged ASSAULT ON THE VICTIM AND HE INDICATED THAT HE KNEW NOTHING ABOUT IT SINCE HE WAS JUST COMING OUT FROM WATCHING A MOVIE. This was echoed by his family. However, he was thrown to the ground, punched and kicked, handcuffed and subsequently charged with various criminal charges; all without any cause or justification, in violation of Mr. MORA'S civil rights. He was arrested without any CRIMINALITY ON HIS PART and without even performing a minimal investigation as to what, if anything, had transpired at the scene . In fact, the police kept telling Mr. MORA that they were sure that he had participated in the assault. Mr. MORA denied any knowledge of this. Nevertheless, the police arrested Mr. MORA and detained this young, Hispanic male, for almost two full days at BRONX Central Booking, a dangerous, foul smelling place.

13.     Mr. MORA was taken to Central Booking in the urine smelling, rat infected basement of the Manhattan Criminal Courthouse. Mr. MORA languished there, while the case proceeded for approximately 48 hours and Mr. MORA's case was dismissed after he had spent ALMOST TWO DAYS incarcerated AND AFTER THE DISTRICT ATTORNEY INVESTIGATING THE ARREST REALIZED THAT NO CRIME HAD BEEN COMMITTED.

14.     Mr. MORA was incarcerated from the early morning hours of OCTOBER 23, 2010, at 33 minutes past mid-night, to the late afternoon/evening of OCTOBER 11, 2010. I SHOULD NOT THAT THE Assistant District Attorney assigned to the prosecution of Mr. Mora had signed the decline prosecution affidavit on 10-23-10 at 10:33 PM BUT MR. Mora was not released because

they were apparently waiting for the arresting officer to sign off on it but he never did and Central Booking finally got tired of waiting for him and released Mr. Mora; another example of the City's and the NYPD'S lack of training and supervision of its employees.

15. Mr. MORA WAS EVENTUALLY RELEASED AND DID NOT HAVE TO RETURN to the BRONX County Criminal Court since the BRONX County District Attorney declined to prosecute due to a lack of evidence, credible or otherwise.

16. On THE MOTION OF THE PEOPLE, there being no evidence produced by the New York County District Attorney's Office, the court dismissed, in all respects, the CHARGES PENDING. The police officers failed to produce any credible evidence, or to show any probable cause for the arrest and the matter had to be dismissed.

17. The ordeal greatly traumatized Mr. MORA AND HIS FAMILY who as a result of his unlawful incarceration, suffered the deprivation of freedom. The criminal charges against Mr. MORA were terminated favorably, on the merits.

## DAMAGES

18. As a direct and proximate result of the said acts of the defendants, Mr. MORA suffered the following injuries and damages:

   a. Violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;
   b. Loss of physical liberty due to incarceration;
   c. Humiliation, embarrassment and injury to reputation.
   d. Attorney fees.
   e. Pain and suffering as a result of the unnecessary and excessive force used to arrest him without probable cause and/or justification.

## CAUSES OF ACTION

### COUNT 1

#### 42 U.S.C. SEC. 1981, 1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS: FALSE ARREST

19. Paragraphs 1-18 are incorporated by reference as though fully set forth.

27. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statues, ordinances, regulations, customs and usages of the CITY and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff Jose Mora and deprived plaintiff of the rights privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States to wit: to be free from warrantless searches and arrest without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment right to be free of unreasonable search and seizure and restraint on his liberty without due process and arrest without probable cause. All of the named defendant Police Officers acted with malice and used unnecessary and excessive force to handcuff and restrain Mr. MORA.

28. That the defendant City of New York failed to properly train and supervise its police force allowing it to act in an unlawful, illegal and wanton manner arresting and abusing members of the public, all without probable cause or justification. Recent case law as well as newspaper articles, news bulletins and general bad press received by the NYPD, including with regards to its stop and frisk policy, have put the City of NY and its Police Department on notice of the need for better training, supervision and selection of its officers.

29. That said City was aware of the unlawful, illegal and wanton acts of its police force and of the pattern of illegal arrests being conducted by said police force.

30. Furthermore, the defendants, each and every one of them, were all negligent in carrying out their respective duties towards the citizens and public of the City of New York.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of TEN MILLION DOLLARS (10,000,000.00)

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in the amount of Ten Million Dollars on each cause of action.
2. For such other and further relief as to this Court may deem just and proper.

Dated: Bronx, New York
March 3, 2012

                                                _____
                                                Andres M. Aranda
                                                930 Grand Concourse, suite 1A
                                                Bronx, New York 10451
                                                (718) 590-1904
                                                (718) 541-9241
                                                Amarandawill.c.u@g-mail.com

Typed by: KIMELMAN, JEFFREY M

AFFIDAVIT IN SUPPORT OF DECLINING/DEFERRING PROSECUTION

```
=================================================================
Arresting Officer's
---------------------                            Arrest
Name      : LUPERON IRWIN                        ---------------------
Rank      : PO                                   Arrest Date: 10/23/2010
Shield    : 027763                               Arrest Time: 00:33
Command   : 45 PCT
TaxID     : 941061000
=================================================================
CHARGES:
--------
P.L. 205.30, P.L. 195.05, P.L. 240.20(1)

=================================================================
Defendants                                       Address
----------                                       -------
1. B10686594 JOSE MORA                           1314 WEST FARMS ROAD

=================================================================
Complainant's Name:
-------------------
NONE

=================================================================
Reason(s) for declining/deferring prosecution:
----------------------------------------------
```

The People are declining to prosecute the instant matter as we have insufficient evidence to meet our burden of proof at trial.

Deponent, Officer Irwin Luperon of the 45th Precinct, states that on October 23, 2010 at approximately 12:15 A.M. he responded to a radio run for a large dispute at 2505 Bruckner Boulevard, Whitestone Cinema. Deponent further states that he arrived at Whitestone Cinema and observed a male individual to have redness and swelling on his face. Deponent further states that said male individual indicated that he was jumped by a group of males. Subsequently, a large group of approximately thirty males exited an individual movie theater, and within that group of thirty male individuals was a smaller group of fifteen male individuals. Deponent further states that the male individual pointed towards the smaller group of fifteen male individuals and indicated that his assailants were part of that group. Deponent further states that when the group of fifteen individuals was ordered to stop, all of them stopped except for defendant.

Deponent further states that he extended his hand towards defendant and stated in sum and substance, Come over here to the wall, at which point defendant pushed deponent's hand away while stating in sum and substance, THAT SHIT DIDN'T HAVE NOTHING TO DO WITH ME, and walked away from deponent. Deponent further states that he grabbed defendant's left elbow, and defendant again pulled his arm away from deponent while stating in sum and substance, I ALREADY TOLD YOU THAT DIDN'T HAVE NOTHING TO DO WITH ME. Deponent further states that he attempted to handcuff defendant, who tucked his arms under his chest, twisted his body, flailed his arms, and kicked his feet preventing deponent from handcuffing him.

Deponent further states that he conducted a showup with the victim, who did not identify defendant as one of his assailants.

Based on the aforementioned facts provided by deponent, the People will be unable to draft an accusatory instrument and meet our burden of proof at trial for the offenses charged. The charge of Disorderly Conduct cannot be sustained, as defendant's conduct was not violent or tumultuous until deponent attempted to place him under arrest. We will be unable to meet our burden of proof at trial as to the charge of Obstructing Governmental Administration, as the facts [are insuffi]cient to allow for defendant's detention. See People v Page 1 of 2 589, 595 (2d Dept. 1993). Finally, the charge of Resisting

001897139

Arrest cannot be sustained as there must be reasonable cause to believe that defendant committed the underlying offense for which deponent was arresting defendant; in this case, the facts do not support the commission of an underlying offense.

Therefore, the People are moving to dismiss the charges against defendant.

========================================================================
Action to be taken by Arresting Officer:
------------------------------------------------
Check for Warrant.

_____           _____
Signature of Complainant             Print Name of Complainant

*[signature]*

_____           KIMELMAN, JEFFREY M
Signature of Assistant DA            Print Name of Assistant DA

_____           _____
Signature of Arresting Officer       Print Name, Shield, Command
Date: 10/23/2010 10:33

001897139